UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS H. HOLLEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WARDEN TY DAVIS, CORRECTIONAL OFFICER JOHN DOE, et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00577-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Nicholas H. Holley was conditionally filed by the Clerk of Court due to Plaintiff's status as an inmate and request for in forma pauperis status. Dkt. 3, 1. Having reviewed the record, the Court enters the following Order.

### REVIEW OF COMPLAINT

**1.     Screening Requirement**

The Court is required to review complaints filed in forma pauperis and those filed by prisoners seeking relief against a governmental entity or employee to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) & 1915A(b).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

## 2. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

## 3. Summary of Allegations

Plaintiff asserts that his privacy rights under the United States Constitution were violated by prison officials. In particular, he alleges: "on March 22, 2023, Warden Ty Davis allowed an unknown officer to improperly search my body while I was restrained. Officer

Doe improperly spread my butt cheeks against my will. This has caused undue pain, mental anguish, and depression." Dkt. 3, p. 2. Plaintiff seeks monetary damages from Defendants.

4.  **Discussion**

    A. *Officer John Doe's Search*

The United States Supreme Court has held that whether a search is reasonable under the Fourth Amendment requires a case-by-case "balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). In its analysis the Court is required to consider four factors: (1) "the scope of the particular intrusion," (2) "the manner in which it is conducted," (3) "the justification for initiating it," and (4) "the place in which it is conducted." *Id*. (citations omitted). In *Wolfish*, the Court held that the practice of visual body-cavity searches of inmates after contact visits with persons from outside the institution did not violate any constitutional guarantee. *Id*. at 559-60.

In *Florence v. Board of Chosen Freeholders of County of Burlington*, 566 U.S. 318 (2012), the United States Supreme Court again addressed the issue of intrusive body searches in custody, this time in the context of pretrial detainees arrested for minor offenses: "Experience shows that people arrested for minor offenses have tried to smuggle prohibited items into jail, sometimes by using their rectal cavities or genitals for the concealment." *Id*. at 337. In *Florence*, the Court again held that the search procedures—which included a visual inspection of body cavities—"struck a reasonable balance between inmate privacy and the needs of the institutions." *Id*. at 339.

In *Byrd v. Maricopa County Sheriff's Department*, 629 F.3d 1135 (2011)(en banc),

the United States Court of Appeals for the Ninth Circuit held that a "*cross-gender* strip search of Byrd was unreasonable as a matter of law" where the female officer touched "Byrd's inner and outer thighs, buttocks, and genital area with her latex-gloved hand through very thin boxer shorts," and "moved his penis and scrotum in the process of conducting the search." *Id*. at 1142 (emphasis added).

Plaintiff has stated insufficient facts to proceed on a Fourth Amendment unreasonable search claim against Officer Doe. Using the *Wolfish* standards set forth above, Plaintiff must provide additional facts, such as stating whether the search was a visual cavity search or a more invasive search, what circumstances prompted the search, and how the officer performed the search. Additional facts should be available from Plaintiff's grievance filed in this action. Plaintiff may desire to attach it to his amended complaint and state whether he agrees or disagrees with the characterization of the incident by prison officials.

Plaintiff must also inquire of the prison who the officer was who searched him on the date in question, and substitute the officer's name in the amended complaint. The use of "'John Doe' to identify a defendant is not favored." *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. In lieu of naming the officer, Plaintiff may assert that he attempted to find out the identity of the officer and was not able to do so (stating what he did and what the prison's response was).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

B. *Warden Ty Davis's Participation*

Plaintiff has stated no allegations showing that Warden Ty Davis knew of, or participated in, the alleged violations at the time of their occurrence. Plaintiff should be aware that, in a civil rights action, a "respondeat superior" theory of liability cannot be applied to supervisors for their employees' violations, without additional facts about the supervisor's knowledge and acts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisors can be held liable under § 1983 only if (1) they had "personal involvement in the constitutional deprivation," or (2) there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal citation and punctuation omitted).

Allegations sufficient to show a causal connection between a supervisor and a constitutional violation include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1205-07 (citation omitted and punctuation altered).

Further, if Warden Davis was made aware of the incident only *after* the incident occurred, for example, through the prison grievance system, and no other facts showing a causal connection are alleged, Davis's actions are not enough to support a § 1983 cause of action against him. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

Plaintiff's amended complaint should state facts showing either that Warden Davis was present and participated during the search, or that he acted in a manner to be liable under one of the other supervisory liability theories set forth above.

## INSTRUCTIONS FOR AMENDMENT

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original pleading.

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. An amended complaint must state the "who, what, where, when, why, and how" of each claim.

For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state or federal actor (such as state or federal employment) or a private entity/private individual acting under color of law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the Constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be legibly written or typed, and it should be clearly designated as a "Amended Complaint."

Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Clerk of Court. If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff fails to file anything further in this matter, his Complaint will be dismissed without prejudice.

## ORDER

**IT IS ORDERED** that Plaintiff must file an amended complaint within **30 days** after entry of this Order. Failure to do so will result in dismissal of the Complaint without prejudice without further notice to Plaintiff.

DATED: February 1, 2024

_____
David C. Nye
Chief U.S. District Court Judge